IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NATHAN C. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  1:06-cv-644-WKW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF SUBSTITUTION**

PLEASE TAKE NOTICE that pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 §§ 5, 6, Pub. L. No. 100-694, 102 Stat. 4563 (1988) (codified at 28 U.S.C. § 2679), the United States is hereby substituted for the individual defendant, Darrell L. Spraggins, with respect to the plaintiff's state law cause of action. The grounds for this substitution are:

1.   The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-2680 (1988) ("FTCA"), as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 § 5, Pub. L. No. 100-694, 102 Stat. 4563 (1988), provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment.  28 U.S.C. § 2679(b)(1).  This provision is applicable to the allegations of plaintiff's complaint.

2.     Section 6 of the Federal Employees Liability Reform and Tort Compensation Act provides that upon certification by the Attorney General that a federal employee was acting within the scope of his office or employment at the time of the incident out of which a state law claim arises, any civil action arising out of the incident shall be deemed an action against the United States, and the United States shall be substituted as sole defendant with respect to those claims.  28 U.S.C. § 2679(d)(1), (2). The Attorney General has delegated certification authority to the United States Attorneys. 28 C.F.R. § 15.3 (1991).

3.     The United States Attorney for the Middle District of Alabama has certified that at the time of the conduct alleged, defendant Darrell L. Spraggins was acting within the scope of his employment.  See Certification of Scope of Employment attached to this Notice of Substitution.

For the foregoing reasons, by operation of law, the United States has been substituted as the sole defendant with respect to the causes of action alleged in the plaintiff's complaint.  The Court is respectfully referred to the Certification of Scope of Employment filed contemporaneously with this Notice.

Respectfully submitted this 18th day of October, 2006.

                         LEURA G. CANARY
                         United States Attorney

By:   s/R. Randolph Neeley
       Assistant United States Attorney
       Bar Number:  #9083-E56R
       Attorney for Defendant
       United States Attorney's Office
       Post Office Box 197
       Montgomery, AL  36101-0197
       Telephone: (334) 223-7280
       Facsimile:  (334) 223-7418
       E-mail:  rand.neeley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant:

>Nathan C. Bell
>1002 Williams Avenue
>Dothan, AL 36303

>_s/R. Randolph Neeley_
>Assistant United States Attorney

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATHAN C. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:06-cv-644-WKW |
| | ) |
| DARRELL SPRAGGINS, | ) |
| | ) |
| Defendant. | ) |

### CERTIFICATION OF SCOPE OF EMPLOYMENT

I, Leura G. Canary, United States Attorney for the Middle District of Alabama, United States Department of Justice, acting pursuant to the provisions of 28 U.S.C. § 2679, and by virtue of the authority vested in me by 28 C.F.R. § 15.3, hereby certify that defendant, Darrell L. Spraggins, was acting within the scope of his federal office or employment as a Vocational Rehabilitation Officer and Employment Officer with the Department of Veterans Affairs at the time of the incident out of which this claim arises. I have been apprised of the facts giving rise to this action and make this certification on the basis of the information now available to me with respect to the incident referred to in the complaint.

Dated this 18th day of October, 2006.

LEURA G. CANARY
United States Attorney
SJIS #GAR030