IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATHAN C. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:06-cv-644-WKW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MOTION TO DISMISS**

Come now Defendants, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to Rule 12(b)(1) move for the dismissal of the above-styled cause as this Court lacks subject matter jurisdiction. In support of this motion Defendant states as follows:

*I.     Introduction*

The plaintiff's complaint appears to assert two possible causes of action: 1) conversion, or 2) a denial of benefits under a program administered by the Department of Veterans Affairs. Regardless of the cause of action, it is subject to dismissal as this Court lacks subject matter jurisdiction over either claim.

*II.    The Court lacks subject matter jurisdiction over the plaintiff's FTCA claim Due To his failure to exhaust administrative remedies. Accordingly, his claim is due to be dismissed.*

With the United States of America substituted as the proper defendant for the common law tort actions, the FTCA claims are due to be dismissed because plaintiff has failed to exhaust administrative remedies as required by the FTCA. Plaintiff's failure to

satisfy the exhaustion requirement deprives this Court of subject matter jurisdiction of his FTCA claims.

Although the United States of America, as sovereign, is immune from claims arising from its negligence, United States v. Testan, 424 U.S. 392, 399 (1976), the FTCA represents a limited waiver of this immunity. United States v. Kubrick, 444 U.S. 111, 117 (1979). The FTCA is explicit in the requirements for invoking the Court's jurisdiction to hear personal injury claims against the United States. 28 U.S.C. § 2675(a) provides in pertinent part:

> An action shall not be instituted upon a claim against the United States ... [for] personal injury ... caused by the negligent or wrongful act ... of an employee of the government while acting within the scope of his ... employment <u>unless the claimant shall have first presented the claim to the appropriate Federal agency</u> and his claim shall have been finally denied by the agency in writing ... (emphasis added).

Consequently, in order for the waiver of immunity to occur, it is mandatory under the FTCA that a written claim be presented to the Federal agency whose activities gave rise to the claim.[1] 28 U.S.C. §§ 2401, 2671, 2675(a) (1978 & Supp. 1991).

---

[1] The administrative claim must: (a) be in writing; (b) state a sum certain; and (c) provide sufficient information to enable the agency to investigate. The claimant must put a monetary value on the claim, and the amount set forth in the administrative claim sets the upper limit on the ad damnum which can be sought in the suit, unless the additional amount sought is based on newly discovered evidence which could not reasonably be discovered at the time the administrative claim was presented, or on the allegation and proof of intervening facts. 28 U.S.C. § 2675(b);. See Kielwien v. United States, 540 F.2d 676 (4th Cir.), cert. denied, 429 U.S. 979 (1976).

According to established principles of statutory construction, the FTCA must be literally construed. Tort claims against the United States are barred unless first presented in writing to the appropriate Federal agency.[2] 28 U.S.C. §§ 2401(b), 2675. The Government's waiver of immunity, and all conditions of that waiver, must be strictly observed and should not be implied or extended by the courts beyond that which Congress intended. United States v. Kubrick, 444 U.S. at 118; Soriano v. United States, 352 U.S. 270, 276 (1957).

The mandatory language of the statute does not confer discretion upon the court to excuse noncompliance, nor does it permit the parties to waive the requirement. Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971). Under the law, failure to timely file an administrative claim deprives Federal courts of subject matter jurisdiction. Jackson v. United States, 730 F.2d 808 (D.C. Cir. 1984); Richman v. United States, 709 F.2d 122 (1st Cir. 1983); In re Agent Orange Product Liability Litigation, 818 F.2d 194 (2d Cir. 1987); Tucker v. U.S. Postal Service, 676 F.2d 954 (3d Cir. 1982); Plyler v. United States, 900 F.2d 41 (4th Cir. 1989); Cook v. United States, 978 F.2d 164 (5th Cir. 1992); Allen v. United States, 517 F.2d 1328 (6th Cir. 1975); DeLoria v. Veterans Administration, 927 F.2d 1009 (7th Cir. 1991); Sanders v. United States, 760 F.2d 869 (8th Cir. 1985); Jerves v. United States, 966 F.2d 517 (9th Cir. 1992); Cizek v. United States, 953 F.2d 1232 (10th Cir. 1992); Tidd v. United States, 786 F.2d 1565 (11th Cir.

---

[2] The statute expressly requires that the presentation of the administrative claim precede the commencement of the suit. Gregory v. Mitchell, 634 F.2d 199 (5th Cir. 1981) (holding that suit must be dismissed if administrative claim was presented after date on which suit was filed).

1986).³

The plaintiff has not averred that he exhausted the administrative remedies which are a prerequisite to filing suit against the United States under the FTCA. Thus the complaint fails to demonstrate that he has complied with all administrative conditions precedent to filing this lawsuit and this Court lacks subject matter jurisdiction.⁴

## II.    *Subject matter jurisdiction over a complaint seeking to compel action of the Secretary of the Department of Veterans Affairs is within the exclusive jurisdiction of the Court of Appeals of Veterans Claims (CVA).*

The United States retains sovereign immunity from lawsuits unless the government has consented to suit.  See United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Moreover, the United States has not waived its sovereign immunity as to review of VA procedures by any court other than the Court of Appeals for Veterans Affairs, Federal Circuit Court of Appeals, and the United States Supreme Court. In re Russell, 155 F.3d 1012, 1013 (8th Cir. 1998).

In 1988, Congress enacted the Veterans Judicial Review Act of 1988, Pub.L. No.

---

³   The underlying purpose of requiring an administrative claim is "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." S. Rep. No. 1327 at 2515-16; see also Davis v. Marsh, 807 F.2d 908 (11th Cir. 1987); Adams v. United States, 615 F.2d 284, 289 (5th Cir. 1980). The filing of the claim gives the agency an opportunity to investigate the claim and to either pursue settlement or prepare a defense. 28 U.S.C. § 2672 (1965 & Supp. 1991); Tucker v. United States Postal Service, 676 F.2d 954, 958 (3d Cir. 1982) (citing S. Rep. No. 1327, 89th Cong., 2d Sess. 6, reprinted in 1966 U.S.Code Cong. & Admin. News, 2515-16).

⁴   As opposed to dismissal at this juncture, the Court should allow the plaintiff a reasonable amount of time to demonstrate that he has complied with the administrative exhaustion requirements. If, however, he fails to do so in the time allowed, an Order of dismissal would be appropriate. See, Miller v. Stanmore, 636 F.2d 986, 991 (5th Cir. 1981).

100-687, Tit. III, 102 Stat. 4105, 4113-4122 (codified in sections scattered in 38 U.S.C.) ("VJRA"), and established a multi-tiered framework for the adjudication of claims regarding veterans benefits. The first step contemplated by the VJRA is the filing of a claim for benefits with a regional office of the Department of Veterans Affairs. The regional office is required to "decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). If dissatisfied with the conclusions of the regional office, the claimant may then appeal to the BVA, which either issues the final decision of the Secretary or remands the claim to the regional office for further development and subsequent appeal. *See* 38 U.S.C. § 7104. *See,* Cheves v. Department of Veterans Affairs, 227 F.Supp.2d 1237, 1241-1242 (M.D. Fla. 2002). If the veteran is ultimately dissatisfied with the final action of the BVA, he may seek judicial review of his claim in the Court of Appeals for Veterans Claims. 38 U.S.C. § 7252. Finally, the Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction over decisions of the CVA. 38 U.S.C. § 7292. If necessary, a claimant may petition the United States Supreme Court to review the decision of the Court of Appeals for the Federal Circuit. *See* 38 U.S.C. § 7291.

The VJRA vested exclusive jurisdiction over the appeal of any final decision of the BVA in the Court of Veterans Appeals ("CVA").[5] The CVA is an Article I court

---

[5] As of March 1, 1999, the Court of Veterans Appeals is now the United States Court of Appeals for Veterans Claims.

established by Congress in 38 U.S.C. § 7252(a).  Particularly:

> Congress gave the CVA two sources of power with which it can remedy claims of unreasonable administrative delay or inaction.  First, the All Writs Act empowers "[t]he Supreme Court and all courts established by Act of Congress to issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  Second, Congress specifically empowered the CVA to "compel action of the Secretary unlawfully withheld or unreasonably delayed."  38 U.S.C. § 7261(a)(2).

Price v. United States, 228 F.3d 420, 421 (D.C.Cir.2000).  In accord with the foregoing, the Court of Appeals for Veterans Claims, "and not the district court, has jurisdiction to compel an action of the Secretary 'unlawfully withheld or unreasonably delayed.'" Frison v. Principi, 2003 WL 22097797 (C.A.D.C. 2003) (unpublished opinion), *quoting,* 38 U.S.C. § 7261; *citing,* In re: Russell, 155 F.3d 1012 (8th Cir.1998); Beamon v. Brown, 125 F.3d 965, 974 (6th Cir.1997); *also see,* Cheves v. Department of Veterans Affairs, 227 F.Supp.2d at 1246 ("This Court simply lacks jurisdiction to review the VA's handling and processing of the plaintiffs' benefit claims.")

Respectfully submitted this 18th day of October, 2006.

                                      LEURA G. CANARY
                                      United States Attorney

                    By:   s/R. Randolph Neeley
                          Assistant United States Attorney
                          Bar Number:  #9083-E56R
                          Attorney for Defendant
                          United States Attorney's Office
                          Post Office Box 197
                          Montgomery, AL  36101-0197
                          Telephone: (334) 223-7280
                          Facsimile:  (334) 223-7418
                          E-mail:  rand.neeley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant:

>Nathan C. Bell
>1002 Williams Avenue
>Dothan, AL 36303

>s/R. Randolph Neeley
>Assistant United States Attorney